IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JAIME MERCADO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 1:23-CV-00104-H-BU |
| BIG COUNTRY MUFFLERS AND § | |
| AUTO REPAIR, *et al.*, § | |
| § | |
| Defendants. § | |
| § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jaime Mercado brought this action against Defendants Big Country Mufflers and Auto Repair ("Big Country") and Rocky Watson. The Court granted Mercado leave to proceed *in forma pauperis*, which subjected his claims to judicial screening under 28 U.S.C. § 1915(e)(2)(b). Dkt. No. 5. On July 24, 2023, the Court completed its judicial screening and ordered service upon the Defendants. Dkt. No. 10. That same day summons was issued to both Defendants. Dkt. No. 11. On August 22, 2023, the U.S. Marshals Service filed summonses that were returned as executed for Watson but unexecuted for Big Country. Dkt. Nos. 12–13.

Since that date, neither Mercado nor either Defendant has filed anything in this case. On January 5, 2024, the Court entered an Order to Show Cause requiring Mercado to explain why he has not prosecuted his claims. Dkt. No. 14. On January 17, 2024, the Court

1

received notice that the Order to Show Cause was returned as undeliverable and that there was no forwarding address for Mercado on record. Dkt. No. 15.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Although the time for Mercado to comply with the Court's Order to Show Cause has not yet expired, the undersigned finds it is futile to expect a party to respond to an order that they have not, and will not, receive. Regarding his failure to prosecute, Mercado has not filed anything with the Court since the Marshals Service return of summonses for the Defendants. At the time of the Court's Order to Show Cause, more than four months had elapsed without action by Mercado. Today, Mercado's idleness nears five months.

Moreover, the Court instructed Mercado that, "You must notify the Court if your address changes, or your case may be dismissed." Dkt. No. 2. The fact that the Court's Order was returned as undeliverable signifies that Mercado has not complied with this instruction.

Still, the undersigned has no reason to believe that Mercado's failures to prosecute or inform the Court of his current address are the result of some improper motive. Thus, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Mercado's claims under Federal Rule of Civil Procedure 41(b).

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 18th day of January 2024.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE